UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

THE VAUGHAN COMPANY, REALTORS,              Bankruptcy Case No. 10-10759-s11

    Debtor.

JUDITH A. WAGNER, Chapter
11 Trustee of the bankruptcy estate
of the Vaughn Company, Realtors,

    Plaintiff,

v.                                            Adversary Proceedings No. 12-1082-s

MICHAEL ROSENBERG, individually,
MICHAEL ROSENBERG, as trustee of the Rosenberg
SRE Trust, dated September 19, 1991,
JOHN DOE, as trustee of the Rosenberg SRE Trust,
dated September 19, 1991,
EMILY ROSENBERG,                              United States District Court
                                              Case No. 12-cv-00270-WJ-SMV

    Defendant(s).

**REFUSAL TO CONSENT TO THE BANKRUPTCY COURT
HEARING AND DETERMINING CLAIMS**

    Section 157 of Title 28 provides that bankruptcy judges may hear and determine certain matters regardless of whether the parties consent, and may hear but may not determine other matters unless the parties consent to the bankruptcy court hearing <u>and</u> determining such matters.

    Section 157(c) of Title 28 provides:

    (1) A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

    (2) Notwithstanding the provisions of paragraph (1) of this subsection, the district court, with the consent of all the parties to the proceeding, may refer a proceeding related to a case under title 11 to a bankruptcy judge to hear and determine and to enter appropriate orders and judgments, subject to review under section 158 of this title.

Indicate below whether you consent to the Bankruptcy Court hearing <u>and</u> determining claims and issues in this adversary proceeding.

      The undersigned party or parties **consent** to the bankruptcy court hearing <u>and</u> determining all claims and issues in this adversary proceeding and entering final orders and judgments on all claims including money judgments as appropriate, subject to review under 28 U.S.C. § 158.

      The undersigned party or parties **consent** to the bankruptcy court hearing all claims and issues in this adversary proceeding <u>and</u> submitting proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

**[ X ]** The undersigned party or parties **do not consent** to the bankruptcy court hearing or determining any claims in this adversary proceeding or entering final orders or judgments on any claims.

      The undersigned party or parties **consent** to the bankruptcy court hearing and determining the following claims in this adversary proceeding and entering final orders and judgments on such claims, subject to review under 28 U.S.C. § 158, **but do not consent** to the bankruptcy court hearing and determining any other claims in this adversary proceeding.

      Specify the claims for which such consent is given, and also state whether consent is given to the bankruptcy court entering money judgments on such claim(s):

      Respectfully Submitted,

      CADIGAN LAW FIRM, P.C.

      *Filed Electronically*
By: */s/ Michael J. Cadigan*
      Michael J. Cadigan
      3840 Masthead NE
      Albuquerque, NM 87109
      Telephone: (505) 830-2076
      cadigan@cadiganlaw.com
      Co-*Counsel for Defendants Michael Rosenberg, individually, Michael Rosenberg, as trustee of the Rosenberg SRE Trust, dated September 19, 1991, and Emily Rosenberg*

This certifies that a copy of the foregoing was served via the CM-ECF system to all parties of interest on this 20th day of April, 2012:

James Askew
Edward A. Mazel
ARLAND & ASSOCIATES, LLC
201 Third Street NW, Suite 505
Albuquerque, NM 87102
(505) 338-4057
jaskew@thearlandlawfirm.com
*Counsel for Judith A. Wagner, Chapter 11 trustee of The Vaughn Company Realtors bankruptcy estate*


**/s/ Michael J. Cadigan**
Michael J. Cadigan