UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

THE VAUGHAN COMPANY, REALTORS,         Case No. 10-10759-s11
    Debtor.                                  Chapter 11

---

JUDITH A. WAGNER, Chapter
11 Trustee of the bankruptcy estate
of the Vaughan Company, Realtors,
    Plaintiff,
v.                                     Adv. Proc. 12-1082-s

MICHAEL ROSENBERG, individually,
MICHAEL ROSENBERG, as trustee of the Rosenberg
SRE Trust, dated September 19, 1991,
JOHN DOE, as trustee of the Rosenberg SRE Trust,
dated September 19, 1991,
EMILY ROSENBERG,
    Defendant(s).

## PLAINTIFF JUDITH A. WAGNER'S CONSENT TO THE BANKRUPTCY COURT HEARING AND DETERMINING CLAIMS

Section 157 of Title 28 provides that bankruptcy judges may hear and determine certain matters regardless of whether the parties consent, and may hear but may not determine other matters unless the parties consent to the bankruptcy court hearing and determining such matters.

Section 157(c) of Title 28 provides:

(1) A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

(2) Notwithstanding the provisions of paragraph (1) of this subsection, the district court, with the consent of all the parties to the proceeding, may refer a proceeding related to a case under title 11 to a bankruptcy judge to hear and determine and to enter appropriate orders and judgments, subject to review under section 158 of this title.

Indicate below whether you consent to the Bankruptcy Court hearing and determining claims and issues in this adversary proceeding.

✓ The undersigned party or parties **consent** to the bankruptcy court hearing and determining all claims and issues in this adversary proceeding and entering final orders and judgments on all claims including money judgments as appropriate, subject to review under 28 U.S.C. § 158.

The undersigned party or parties **consent** to the bankruptcy court hearing all claims and issues in this adversary proceeding and submitting proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

The undersigned party or parties **do not consent** to the bankruptcy court hearing or determining any claims in this adversary proceeding or entering final orders or judgments on any claims.

The undersigned party or parties **consent** to the bankruptcy court hearing and determining the following claims in this adversary proceeding and entering final orders and judgments on such claims, subject to review under 28 U.S.C. § 158, **but do not consent** to the bankruptcy court hearing and determining any other claims in this adversary proceeding.

This form is being filed per the Court's instruction issued via e-mail on April 27, 2012.

ARLAND & ASSOCIATES, LLC

By: *s/ filed electronically*
James A. Askew
Edward A. Mazel
201 Third Street, NW, Suite 505
Albuquerque, New Mexico 87102
(505) 338-4057 (telephone)
(505) 338-4061 (fax)
*Attorneys for Judith A. Wagner, Chapter 11 trustee of the Vaughan Company Realtors bankruptcy estate*

**CERTIFICATE OF SERVICE**

In accordance with NM LBR 9036-1 and Fed. R. Civ. P. 5(b)(2)(D), this certifies that service of the foregoing pleading was made this 1st day of May, 2012, via the notice transmission facilities of the case management and electronic filing system of the Bankruptcy Court.

*s/ Edward A. Mazel*
Edward A. Mazel